IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re:

EXPERIAN INFORMATION SOLUTIONS
CREDIT REPORTING LITIGATION.

/

No. C 16-05674 WHA
No. C 16-05676 WHA
No. C 16-05679 WHA
No. C 16-05694 WHA
No. C 16-05701 WHA
No. C 16-05704 WHA
No. C 16-06315 WHA
No. C 16-06335 WHA
No. C 16-06363 WHA
No. C 16-06372 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(IN ALL OF THE ABOVE-LISTED CASES)**

This order holds that under the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq., a report of a debt may be stated at the full unpaid balance even if the debt is subject to a confirmed Chapter 13 plan wherein the debt will be discharged if and when a specified lesser amount is paid. Under the Bankruptcy Act, the full debt remains undischarged until, if ever, the specified amount is actually paid. So it remains correct to inform the world at large via the credit report of the full unpaid balance. Since the risk persists that the debtor will fail to pay under the Chapter 13 plan, it would be misleading to future creditors to report, as plaintiffs' counsel insists in all of these cases, the lesser amount. That would be getting the cart before the horse. *First*, the debtor must perform as specified under the plan, then get a discharge. At that point, the debt will go to zero.

Although our court of appeals has not yet ruled on the issue, every single district judge who has ruled has held as above. This order adopts this reasoning, including at least two cases rejecting plaintiffs' main decision *In re Luedtke*, No. 2-3582-SVK, 2008 WL 295253 (Bankr. E.D. Wis. July 31, 2008). *See, e.g.*, *Newkirk v. Experian Info. Sols., Inc. et al.*, No. 4:16-CV-05691-SBA, 2017 WL 1078653 (N.D. Cal. Mar. 13, 2017) (Judge Saundra Armstrong); *Mamisay v. Experian Info. Sols., Inc.*, No. 16-CV-5684-YGR, 2017 WL 106517 (N.D. Cal. Mar. 21, 217) (Judge Yvonne Rogers) (rejecting *In re Luedtke*); *Smith v. Experian Info. Sols., Inc.*, No. 16-CV-4653-BLF, 2017 WL 1092377 (N.D. Cal. Mar. 23, 2017) (Judge Beth Freeman) (rejecting *In re Luedtke*); *Polvorosa v. Allied Collection Serv., Inc.*, No. 2:16-CV-1508 JCM (CWH), 2017 WL 29331 (D. Nev. Jan. 3, 2017).

At oral argument, plaintiffs' counsel offered a fall-back position, namely that they would accept reporting the full unpaid debt so long as the line item also noted that it remained subject to a confirmed Chapter 13 plan. In fact, it appears that some creditors do just that. Yes, this would put more accurate information in the report and Congress ought to consider an amendment to require such notations. But credit reports also include a clear-cut statement up front that the debtor is in bankruptcy proceedings, so it takes very little imagination for the reader to realize that there may be a plan in place that might lead to a full discharge. At all events, the fact remains that the full amount is the actual truthful amount of the debt so long as the plan, even if confirmed, remains uncompleted, so there is no basis for insisting as a matter of law that such a notation accompany each line item.

This order makes the same ruling as to the California state law. Cal. Civ. Code § 17825.

Therefore, this entire action is hereby dismissed. If plaintiffs' counsel wish to amend to make some other claim for relief, such as the wrong dollar amount that accidentally got into the report, then they may file a new amended complaint as to such other claim — but counsel's main point about the effect of a confirmed plan is wrong and may not be recycled into a new pleading.

2

The deadline for any new pleading in all these cases is **APRIL 11, 2017, AT NOON**, failing which judgment will be entered.

**IT IS SO ORDERED.**

Dated: March 28, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE